THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK J. WALSH, on Behalf of JOSEPH FRANCO, for a Writ of Habeas Corpus, Petitioner, *v.* THE WARDEN OF SING SING PRISON, Respondent.*

Supreme Court, Westchester County, April 11, 1941.

*Frank J. Walsh,* for the petitioner.

*John J. Bennett, Jr., Attorney-General,* for the respondent.

PATTERSON, J. The petitioner claims he is illegally restrained without due process of law in that his plea of guilty upon which he was sentenced to State's prison took place in the chambers of the judge and not in the court room. In other words, the plea was not taken in " open court."

The facts (apparently undisputed) are as follows: The petitioner was indicted by the grand jury of Bronx county on September 19, 1932, for the crime of grand larceny in the first degree, having stolen an automobile which was found in his possession. The indictment proceeded to trial on October 17, 1939, before the county judge at a regularly designated session of the court. On

---

* Affd., 262 App. Div. 859.

the second day of the trial, when court was about to resume after the luncheon recess, the attorney who appeared for the defendant and who conducted the trial up to that point asked if he might confer with the court. A conference was then held and a change of plea was discussed. The petitioner's counsel offered to make a plea in a lesser offense than that mentioned in the indictment and this was agreed to by the court, who thereupon asked the attorney if he had any objection to the plea being taken in the room where the conference was held, whereupon the attorney said he had no objection and, as a matter of fact, requested that that be done. The defendant was then brought into the room, which was not the judge's chambers, but was a room which was adjacent to and about ten or fifteen feet from the judge's bench in the main body of the court room. The judge's chambers are on another floor in the same building. When the plea was taken, the official court stenographer was present as was the clerk of the court, the bailiffs, the court itself, the assistant district attorney, the defendant and his attorney. All of the proceedings there taken were duly recorded and entered upon the docket book. Thereafter, on February twenty-sixth, the defendant was sentenced to State's prison under an indeterminate sentence of a minimum of two and one-half to a maximum of five years.

In December following, his present attorney made a motion for a new trial in the County Court of Bronx county on the ground of newly-discovered evidence. This motion was denied.

In January of this year the petitioner procured a writ of habeas corpus returnable in Westchester county, where the sole point raised was that no mistrial had been declared at the time Franco entered his plea of guilty, and, therefore, all the proceedings were a nullity. Upon the argument of the writ, the district attorney produced a photostatic copy of the court calendar which showed that a mistrial had been declared, whereupon the petitioner's attorney withdrew the writ.

Neither upon the motion made to withdraw the plea of guilty, nor upon the motion for a new trial, nor upon the hearing of a writ of habeas corpus, was it ever contended that the plea of guilty was a nullity.

Now, almost a year and a half after the entry of the plea of guilty, the petitioner seeks to have the plea set aside on the ground it was taken in chambers and not in open court in accordance with the provisions of section 335 of the Code of Criminal Procedure.

" Open court " contemplates the presence of the judge and clerk and the clerk's docket, a regular opening and clos ng of court and the entry upon the docket at that time of all steps taken.

I think it may well be held without straining the definition of what is "open court," that the plea was taken in open court, but assuming that it was not, I think the provision that a plea must be taken in open court was designed to merely regulate procedure and cannot be said to be jurisdictional. If there was an irregularity in the plea being taken in a room off the main body of the court room this regulation was not only waived by the petitioner Franco but he acquiesced in it.

It is well settled that a defendant can waive, not only the statutory provisions which are designed for his benefit, but even a constitutional provision as well. In any event, it appears little short of ridiculous to me that the defendant should now be permitted, at this late date, to take advantage of a situation that he himself brought about. He should be held to the position which he has assumed and upon which he requested and secured a personal advantage.

A person may waive a trial by jury and plead guilty. He may waive or withdraw a challenge to a juror. He may waive his right to have a challenge to a juror for favor tried by triers and consent that it be tried by a court. He may waive a challenge to an array of jurors by a challenge to the polls. He may consent to the separation of the jury during the trial when such separation without such consent would be a ground of error. Having all this power, can it be contended that he cannot consent to something less? He may waive any manner or form or substance except only that which may relate to the jurisdiction of the court.

To permit the petitioner now to claim that his plea was not taken in open court because it was taken in a room adjacent thereto and to which he consented would be inconsistent with the good faith and dealing which should characterize the administration of justice. (See *Pierson* v. *People*, 79 N. Y. 424; *People ex rel. Prince* v. *Brophy*, 273 id. 90; *People* v. *Toledo*, 150 App. Div. 403.)

The relator relies largely upon the authority of *Cancemi* v. *People* (18 N. Y. 128). In the first place, that is an old case, decided in 1858. We have come a long way since then even where the rights of a defendant are involved. We now look for the substance of the invasion of these rights rather than a mere nebulous theory thereof. The court there held in substance that a prisoner could not consent to a trial by less than twelve jurors because a legal jury consisted of twelve persons and the right to a trial by jury shall remain inviolate forever; hence, a trial by a jury of less than twelve is not a trial by jury. Here public interest was directly involved. The court there said: "That the consent of the plaintiff * * * to the withdrawal of one juror, and that

the remaining eleven might render a verdict, could not lawfully be recognized by the court, and was a nullity. If a deficiency of one juror might be waived, there appears to be no good reason why a deficiency of eleven might not be; and it is difficult to say why, upon the same principle, the entire panel might not be dispensed with, and the trial committed to the court alone. It would be a highly dangerous innovation in reference to criminal cases, upon the ancient and invaluable institution of trial by jury, and the Constitution and laws establishing and securing that mode of trial, for the court to allow of any number short of a full panel of twelve jurors."

I do not think that section 335 of the Code of Criminal Procedure which provides that pleas be taken in open court intended to prescribe a specific mode of procedure based upon fundamental rights in the public, but rather a personal privilege of the defendant.

I see no fundamental right involved and I see no public injury which would result.

If the privilege to refuse to testify on the ground of self-incrimination, or the right of the accused to be confronted with the witnesses against him, or the right to be represented by counsel are personal privileges and it has been so held, and, hence, may be waived, then by what logic can it be said that the right to offer a plea in open court is not equally a personal right or privilege and cannot likewise be waived.

In *Matter of Rudd* v. *Hazard* (266 N. Y. 302), cited by petitioner, the acceptance of the plea and the pronouncement of judgment by the court was not at a regular or stated term of the court and it was held, and properly so, to be a matter of jurisdiction and could not be waived. Here, the court was concededly duly constituted and the proceedings were held at a regular stated session thereof

It is my conclusion that the writ should be dismissed and the petitioner remanded to the custody of the warden of Sing Sing Prison.