J. Edward Lumbard, Jr., J.
Like the application in the Matter of Abrams v. Bromberger (19 Misc 2d 698) this is an application under article 78 of the Civil Practice Act for an order restraining respondent Bromberger, Chief Magistrate of the City of New York, from proceeding with the hearing of charges against the petitioner for overtime parking; and for a further order directing Edward F. Duffy, Chief Clerk of the Uptown Traffic Court of the New York City Magistrates’ Court to enter a plea of guilty for petitioner and to accept payment of a fine. The petitioner also moves for an order striking out new matter contained in the answer on the ground that it is irrelevant and immaterial.
"While this matter and the Abrams case were argued together, the facts differ materially. Here the petitioner, Feig, was personally served with a summons commanding him to appear at *704 the Uptown Traffic Court at a designated time to answer a charge for overtime parking. On the appointed day Feig, a first offender, personally presented himself to the proper clerk, offered to plead guilty and tendered a payment of the prescribed fine. Acting on instructions from the presiding Magistrate, the clerk rejected the plea and the tender, and directed the petitioner to appear before the Magistrate, where he pleaded “not guilty” and requested an adjournment. On the adjourned day petitioner appeared with his counsel, applied for an adjournment and refused to plead before the Magistrate upon the ground that the clerk was under a duty to accept his plea of guilty and the payment of the prescribed fine of $4.
A proclamation filed with the City Clerk on December 30, 1941 by the then Chief Magistrate, pursuant to section 127 of the New York City Criminal Courts Act, provides in part as follows: “ Effective January 5, 1942, all courts will permit first offenders in the traffic cases enumerated below (except where accidents occur involving personal injury or property damage) to enter a plea of guilty before the clerk of such court and to pay the fine herein prescribed to the clerk of such court in complete satisfaction for the violation with which such offender is charged. The plea may be entered and the fine paid either in person or by a representative. This privilege is given only to defendants who appear on the return day specified in the summons.”
The proclamation further provides: ‘1 First offenders may appear in person or by a representative at the Traffic Court where their summons is returnable at the time and on the date specified in such summons or at 9 a.m. on that date. They will be directed by the clerk to where their plea may be entered and their fine paid. Upon the payment of the fine, a receipt evidencing such payment with the amount paid will be stamped on the summons. Clerk receiving such fine must initial the disposition under ‘ Payment received,’ and it shall no longer be necessary for the presiding magistrate to initial or sign such dispositions.”
While the proclamation does not exclude the Magistrate from his exclusive jurisdiction to hear and to determine traffic violations, it plainly provides that under express conditions an offender may plead guilty and pay a fine in complete satisfaction for the violation with which he is charged. “It is a general, although not inflexible, rule that permissive words used in statutes conferring power and authority upon public officers or bodies will be held to be mandatory where the act authorized *705 to be done concerns the public interest or the rights of individuals.” (People ex rel. Doscher v. Sisson, 222 N. Y. 387, 395.)
The proclamation requires the clerk to do a specified act in a specified way on established facts. No room is left for the exercise of discretion. His duty is purely ministerial and performance may be compelled by mandamus. (Matter of Gleit v. Keller, 178 Misc. 198.)
Differing from the case of the petitioner in the Abrams case, there was here no occasion to make a collateral inquiry. The petitioner having shown that his case came within the provisions of the proclamation, it was the duty of the clerk to accept a plea of guilty and payment of the fine in full satisfaction for the offense. On the facts shown here the proclamation is mandatory and the Magistrate has no power to proceed with a trial. To hold otherwise would render the proclamation meaningless and prevent the convenient dispatch of the court’s business. Since a plea of guilty is tantamount to a conviction, a trial is useless. An accused person has the right to plead guilty to a charge against him provided the plea is knowingly and understandingly made. (Cf. Code Crim. Pro., § 717; People ex rel. Walsh [Franco] v. Warden of Sing Sing Prison, 176 Misc. 627, 629; People v. La Barbera, 274 N. Y. 339, 342, 343.)
An appeal will not afford the petitioner adequate relief. A needless trial or a further unnecessary hearing will require the personal appearance of the petitioner in court and may well involve unnecessary trouble and expense. Where a lower court is exceeding its power and a writ of prohibition furnishes a more effective remedy, it may be availed of, although the error might be corrected by appeal. While the remedy is an extraordinary one, it lies within the discretion of the court. (Matter of Culver Contr. Corp. v. Humphrey, 268 N. Y. 26.)
Since it appears that the clerk is under a duty to accept petitioner’s plea and payment of the prescribed fine and that the Magistrate is proceeding in excess of his power, petitioner’s application and the motion to strike out new matter alleged in the answer are granted.
Settle order.