In the Matter of WILLIAM H. WEISS, Petitioner, against SAMUEL SPRAYREGEN, as Justice of the Peace of the Town of Thompson, Respondent, in a Matter Entitled, THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. " JOHN DOE ", Identified as HARRY KAHN, Defendant, and THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. " RICHARD ROE ", Defendant.

Supreme Court, Special Term, Albany County, October 3, 1950.

*Carl P. Goldstein* for petitioner.

*George H. Rosen* for respondent.

ELSWORTH, J.   As the title here shows, this is a proceeding instituted under article 78 of the Civil Practice Act.   The relief sought is an order " reviewing, vacating, annulling and setting aside all the proceedings taken and had before the said respondent and his determination thereon   *   *   *   dismissing the information in the above-entitled actions and proceedings." The actions and proceedings in question are strictly criminal in nature.   The statute expressly denies authority to review the same in this proposed proceeding.   (Civ Prac. Act, § 1285, subd. 2.)   Accordingly, the respondent having duly objected in point of law upon said ground, his motion to dismiss must be granted.

As an apparent afterthought — since no specific request therefor is made in the show cause order or the petition in support thereof — the petitioner asks that under his prayer for further and different relief he be granted an order prohibiting the respondent " from conducting any official actions as Justice of the Peace in his premises known as Sprayregen's so long as the same adjoins the Park Avenue Steak House in which trafficking in liquor is taking place."   Such request is based on section 17 of the Justice Court Act providing as follows: " *Justice's court not to be held in certain rooms.*   A justice's court shall not be held in a room in any part of which trafficking in liquors is authorized or in any adjoining room."

An order of prohibition may be granted in a proceeding instituted under article 78 (see *Matter of Barber* v. *Richardson,* 176 Misc. 210).   Without passing on the propriety of the form of petitioner's application here for such an order, the relief asked is held not allowable for the hereinafter stated reasons.

Prohibition is a remedy of " extreme necessity ".   It issues not as a matter of right but in the sound discretion of the court.

Upon an application for such an order " ' the sole question to be tried is the power of the inferior court or magistrate to do the particular act in question.' " (*Matter of Baltimore Mail S. S. Co.* v. *Fawcett,* 269 N. Y. 379, 383; see, also, *Abrams* v. *Bromberger,* 74 N.Y.S. 2d 302, 304.) It is not the particular act of the Justice in a particular pending case affecting alleged rights of this petitioner that is now sought to be restrained. It is, rather, a future course of conduct in officially handling matters with which the petitioner will have no presently foreseeable connection. Justification for a prohibition order upon discretionary grounds does not exist here.

Denial of such relief is also called for upon the more compelling ground that the petition fails to set forth facts sufficient to bring the situation presented within the prohibitory provisions of section 17 of the Justice Court Act above quoted. Historically, it suffices to state that the provisions of this section received legislative sanction many years ago in the era of the " public house " and " saloon ". Today those old time institutions remain only in nostalgic memory. Legislative fiat has abolished them in favor of the " hotel " and " restaurant ". (See Alcoholic Beverage Control Law.)

The petition shows the respondent Justice to be the proprietor of a men's wear store located on Broadway, the main street in the village of Monticello. It is here that he also holds his court as occasion demands. Next door is a duly licensed restaurant known as the " Park Avenue Steak House ". Each place of business has its own public entrance and is wholly independent of the other, except for a common heating plant. There are no doors or other openings giving access from one to the other. The ownership of each business is separate and distinct. There is no assertion here that the respondent Justice holds his court in the restaurant, where " trafficking in liquors " takes place. To the contrary, the claim is that he holds his court in his own store, but that the same is an " adjoining room " within the meaning of those words as used in the statute. Such an interpretation strains the language of the statute beyond limits which cannot be concurred in here.

Cognizance has been taken of petitioner's request that " all proceedings in this matter be referred to the Appellate Division of the Supreme Court, Third Department, pursuant to Section 132 of the Code of Criminal Procedure." The said section " places the responsibility of determining when it should take action solely upon " the Appellate Division (*Matter of Roosevelt,*

232 App. Div. 23, 25), either by " its own motion, or on petition."
The language of the section gives this court no authority to
initiate action by the Appellate Division thereunder.

Submit order in accordance herewith. In the exercise of dis-
cretion no costs are allowed to respondent.