In the Matter of JAMES E. GROSS, Appellant, against JAMES MACDUFF, as Commissioner of Motor Vehicles of the State of New York, Respondent.

Third Department, November 18, 1954.

*Alex. Wiltsie, Jr.,* for appellant.

*Nathaniel L. Goldstein, Attorney-General (Philip J. Fitzgerald* and *Wendell P. Brown* of counsel), for respondent.

*Per Curiam.* The commissioner revoked petitioner's operator's license pursuant to the mandatory provisions of subdivision 2 (par. [c]) of section 71 of the Vehicle and Traffic Law, because petitioner had been convicted of three violations of section 56 of the Vehicle and Traffic Law (excessive speed) within a period of eighteen months. At the time the commissioner acted he had before him the certificate of a Magistrate that petitioner had been convicted on November 15, 1952, in a Court

of Special Sessions, upon a plea of guilty, of a violation of subdivision 3 of section 56 of the Vehicle and Traffic Law, and that upon arraignment and before accepting any plea, the Magistrate gave the accused the information required by section 335-a of the Code of Criminal Procedure. He also had before him records of two other subsequent convictions of petitioner for violations of section 56, which are not questioned. All three convictions occurred within a period of eighteen months.

Petitioner attacks only the first conviction on this appeal, and now asserts that it is void because petitioner was not personally present before the Magistrate and did not enter the plea of guilty " orally " and " in open court " in accordance with sections 333, 700 and 335 of the Code of Criminal Procedure. Petitioner was given a summons by a State Trooper, which required him to appear before a Magistrate. Instead of going in person petitioner wrote the Magistrate a letter resulting in a reply that the fine would be $15 for a first offense and enclosing a form. The form was properly entitled with the name of the court, " People of the State of New York, Plaintiff, against James Gross, Defendant ", and read:

" You are charged with a violation of Article 5, Section 56, Paragraph 3, of the Motor Vehicle Law.

" If you are convicted of this charge you will not only be liable to a penalty, but, in addition, your license to drive a motor vehicle, and any vehicle registration you have, may be suspended, or revoked, in accordance with the provision of the law regarding the charge involved. You have a right to adjournment for counsel, a trial by jury (if a misdemeanor), or you may plead guilty, or not guilty to the charge.

" If guilty, please indicate by signing your name to the written plea. A plea of guilty is equivalent to conviction after trial.

" Dated: Nov. 13, 1952.

[S] James Gross ".

The petitioner signed the statement and returned it to the Justice with his operator's license and $15. The Justice noted the conviction on his docket in the usual form, without reference to the physical absence of petitioner, and noted the conviction and payment of the fine upon petitioner's operator's license and returned it to petitioner.

It is quite clear that all of this was done for the convenience of petitioner and that he acquiesced in the procedure, and respondent urges that petitioner has waived any requirement that he appear before the court personally. Undoubtedly the

petitioner has waived if he can legally do so. Although the charge was a traffic infraction, not a crime, the procedural requirements relating to misdemeanors apply. (Vehicle and Traffic Law, § 2, subd. 29.) Nevertheless we think that in the case of a traffic infraction an adult may waive the lack of his physical presence when he was fully advised of all of his rights and the procedure followed was at his request, for his convenience, and in no way prejudiced him. Even now he does not deny his guilt. (*People* v. *Jacoby,* 304 N. Y. 33; *People* v. *La Barbera,* 274 N. Y. 339.) However, our decision need not depend solely upon the ground of waiver, because, even if the conviction were vulnerable to direct attack, it may not be collaterally attacked in this civil proceeding. If, in fact, the conviction was improper, petitioner's remedy was by way of a *coram nobis* proceeding to set aside the judgment of conviction in the court which made it, and unless and until that is done, he may not assert upon this appeal that the commissioner acted improperly. The commissioner was confronted with the proper certification of three convictions for a violation of section 56, all occurring within eighteen months. All were in regular form with nothing to indicate the facts outlined above. He was bound to act as he did by subdivision 2 (par. [c]) of section 71 of the Vehicle and Traffic Law, which says he " must " revoke. The Legislature has neither required nor authorized the commissioner to go behind and beyond the record of conviction and pass upon all questions relating to the validity thereof. It has directed the commissioner to become " satisfied " that the magistrate complied with section 335-a of the Code of Criminal Procedure. (Vehicle and Traffic Law, § 71, subd. 6.) Here the Magistrate certified that he did so comply. Beyond that the commissioner has no legislative direction or authority to go. He could have been compelled to take the action he took upon the facts before him. It would impose an undue and unauthorized burden upon the commissioner to mandate him to act upon convictions and at the same time require him to investigate the background of each one and pass upon its validity. On this record the commissioner acted correctly upon the facts before him as he was required to do. Such a determination should not be annulled.

The order should be affirmed, without costs.

BERGAN, J. P., COON, HALPERN, IMRIE and ZELLER, JJ., concur.

Order affirmed, without costs.