In the Matter of THEODORE C. WOODARD, Respondent, against JAMES R. MACDUFF, as Commissioner of Motor Vehicles of the State of New York, Appellant.

Fourth Department, December 20, 1957.

*Louis J. Lefkowitz, Attorney-General (Philip J. Fitzgerald and John R. Davison of counsel), for appellant.*

*Perry B. Rauch for respondent.*

*Per Curiam.* The Commissioner of Motor Vehicles has appealed from an order of Onondaga Special Term annulling a determination which revoked respondent's operator's license and directed the return of license to him.

It is undisputed that the commissioner received notice of respondent's three speeding convictions which occurred in less than 18 months. The third conviction resulted from an arrest on February 9, 1954 when respondent was charged with operating his automobile at 65 miles per hour near De Kalb Junction. Respondent contends that he was not speeding and that he retained an attorney to represent him in the proceedings before a Justice of the Peace at De Kalb. Due to weather conditions respondent was unable to appear and an adjournment was requested. The affidavit of respondent's attorney alleges that he appeared before the Justice of the Peace, contested the charge, but indicated that in order to avoid '' considerable hardship '' he would plead respondent guilty to a '' lessor offense ''. This attorney further states that '' the Justice of the Peace advised your deponent that he would accept such a plea and accordingly fixed a fine of $10.00 which your deponent paid ''. He also contends that '' no one of the provisions of Section 335-A of the Code of Criminal Procedure were read to or discussed with your deponent [the attorney] by the Justice ''.

The record clearly indicates that respondent received a notice of revocation on or about May 11, 1954 and on May 14 submitted a statement to the district office at Syracuse that '' There are no registration certificates in my name ''. A second notice of noncompliance, dated September 28, 1954, was sent to the respondent and on November 22, 1954, a notice was sent to the Syracuse police to enforce the revocation by reason of respondent's noncompliance.

Respondent argues that the first notice of revocation was that received on September 28, 1954 and that his order to show cause dated December 7, 1954 in this proceeding was within the four-month limitation prescribed by section 1286 of the Civil Practice Act. We are convinced from the record that respondent did in fact receive a notice of revocation on or about May 11, 1954.

The appellant commissioner served notice of objections in point of law returnable on the date of the order to show cause. The commissioner specifically attacked respondent's petition on the grounds '' That the petitioner's application is barred by laches and does not comply with Section 1286 of the Civil Practice Act ''. Special Term did not pass upon the objections of law and granted the respondent the relief he requested on the theory that the third conviction was invalid. In our opinion the preliminary objection that the proceeding was not timely commenced should have been sustained (cf. *Matter of Colodney* v. *New York Coffee Exch.*, 2 N Y 2d 149; *Matter of McDermott* v. *Johnson*, 2 N Y 2d 608).

We do not believe that the conviction can be collaterally attacked in this manner. Respondent's remedy is by way of *coram nobis* or some other proceeding, but not by an article 78 proceeding. In this respect the instant case is on all fours with *Matter of Gross* v. *Macduff* (284 App. Div. 786). In that opinion the court said, at page 789: "However, our decision need not depend solely upon the ground of waiver, because, even if the conviction were vulnerable to direct attack, it may not be collaterally attacked in this civil proceeding. If, in fact, the conviction was improper, petitioner's remedy was by way of a *coram nobis* proceeding to set aside the judgment of conviction in the court which made it, and unless and until that is done, he may not assert upon this appeal that the commissioner acted improperly. * * * It would impose an undue and unauthorized burden upon the commissioner to mandate him to act upon convictions and at the same time require him to investigate the background of each one and pass upon its validity."

The order should be reversed on the law and the determination of the commissioner reinstated, without costs.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Bastow and Goldman, JJ.

Order reversed on the law and determination of the Commissioner of Motor Vehicles reinstated, without costs of this appeal to either party.