JEANETTE STRASSMAN, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 33555.) — Appeal from an order of the Court of Claims denying the State's motion to dismiss the claim for lack of jurisdiction. The claimant, who was in a State armory as an inspector of election, alleges that as a result of the negligence of the State in the maintenance of the floor of the armory she slipped and was injured. An armory may be an instrument of military action, in which use the State might not incur a liability because it would not fall within the scope of section 8-a of the Court of Claims Act. But an armory is a building, and it may be used for civic as well as military purposes, and the statute clearly contemplates such a permissive civic use. The chief of the militia is authorized to permit the use of an armory "by any federal, state, county and municipal bureau, agency or department". (Military Law, § 183, subd. 1, par. d.) The use of the State armory by the election authorities of New York City is presumed to have been permitted within the scope of this statute, and when such a use is made for a municipal and not for a military purpose under the authority of law, the State incurs the usual liability that would accrue against a private corporation maintaining and permitting the use of such a building. Such a use does not fall within either *Goldstein* v. *State of New York* (281 N. Y. 396) or *Newiadomy* v. *State of New York* (276 App. Div. 59). The provisions of subdivision 2-a of section 9 of the Court of Claims Act relate to section 8-a and are coextensive with that section; they do not limit the general jurisdiction of the Court of Claims to hear causes in which by use of its property for other than military purposes under authority of statute, the State has negligently caused injury. Order denying the motion to dismiss the claim affirmed, without costs. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.

In the Matter of ETHERIDGE GOODFELLOW, Appellant, against JOSEPH P. KELLY, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Appeal from an order of the Special Term entered in the Albany County Clerk's office dismissing the petition in this article 78 proceeding, wherein the petitioner-appellant seeks to annul the order of the Commissioner of Motor Vehicles of the State of New York revoking his operator's license. In paragraph "14" of his original petition before the Special Term, he alleges that the conviction is void because "(1) the information does not state facts sufficient to constitute a crime, and (2) the magistrate did not inform your petitioner on arraignment as required by Section 335-a of the Code of Criminal Procedure." On the appeal to this court and at the time of the oral argument, the sufficiency of the information was the sole contention. We do not pass on the question as we are satisfied that in any event, the petitioner is not entitled to the relief sought in these proceedings. The remedy is by appeal (see *People* v. *Sullivan*, 3 N Y 2d 196–199). The conviction cannot be collaterally attacked by a proceeding under section 78 of the Civil Practice Act. (*Matter of Gross* v. *Macduff*, 284 App. Div. 786; *Matter of Woodard* v. *Macduff*, 5 A D 2d 26.) Order appealed from affirmed, with costs to the respondent, Kelly, as Commissioner of Motor Vehicles of the State of New York. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.