In the Matter of HAROLD BANKS, Respondent, against JOSEPH P. KELLY, as Commissioner of Motor Vehicles, Appellant.

First Department, December 2, 1958.

513

*Irving L. Rollins* of counsel (*Paxton Blair* with him on the brief; *Louis J. Lefkowitz, Attorney-General*), for appellant.

*James J. Weisbart* of counsel (*Lawrence S. Timen* with him on the brief; *Timen & Waters,* attorneys), for respondent.

*Per Curiam.* In an article 78 proceeding directed against the Commissioner of Motor Vehicles, the commissioner appeals from an order made by Special Term, New York County, granting the petitioner's application to the extent of directing the trial of two framed issues pursuant to section 1295 of the Civil Practice Act, which are as follows: (1) did the petitioner actually plead guilty to the second conviction over the telephone; and (2) did the Magistrate at the time of the third conviction warn the petitioner that another conviction for speeding would result in the loss of his license.

Involved is a mandatory revocation of the petitioner's operator's license consequent upon three convictions for speeding within a period of 18 months pursuant to section 71 (subd. 2, par. [c]) of the Vehicle and Traffic Law. The first conviction was on October 26, 1956; the second on October 12, 1957; and the third on April 23, 1958.

The second issue of fact framed by the order appealed from relates to the third conviction. The petition alleges that upon his appearance before the Magistrate, which resulted in what later developed to be the third conviction, he was informed that "one more conviction for speeding would result in such a revocation." It is undisputed that the statutory warning relative to possible suspension or revocation of an operator's license was indorsed upon the summons resulting in the third conviction. The Magistrate's statement to the petitioner was based upon his examination of petitioner's operator's license

which showed one prior conviction. On the basis of the information thus disclosed to the Magistrate, his statement was correct. Petitioner alone knew what had transpired in connection with the second speeding offense and he is chargeable with the legal effect thereof. (*Matter of Arcuri* v. *Macduff*, 286 App. Div. 17, 21.) There is, therefore, no factual issue to be tried in regard to the third conviction.

The first issue framed for trial pertains to the second speeding violation. It appears that in order to serve the convenience of the petitioner his plea to the second offense was made by telephone. In that regard the petitioner states: '' The said Justice of the Peace at that time accepted an oral plea made by your petitioner, not in open court, but rather over the telephone, and the said Justice of the Peace thereupon informed your petitioner to mail the summons to him, all of which petitioner did.'' Even at this time the petitioner does not deny his guilt and fails to set forth any facts indicating his innocence. He does, however, challenge the validity of this second conviction on the ground that it contravenes the provisions of section 335 of the Code of Criminal Procedure in that the plea by the petitioner was made by telephone instead of in open court.

The Commissioner of Motor Vehicles on proof of three convictions for speeding on the part of an operator of a motor vehicle must revoke his license (Vehicle and Traffic Law, § 71, subd. 2, par. [c]), if the commissioner is satisfied section 335-a of the Code of Criminal Procedure and subdivision 6 of section 71 of the Vehicle and Traffic Law, which have to do with the warning required to be given to a violator, have been complied with. Apart from being satisfied that compliance has been had with the aforesaid statutes, the commissioner under the circumstances of this case was not required before taking the action complained of herein to make an independent investigation of each conviction. If the petitioner desired to test the validity of the second conviction on any other grounds, his remedy was by a *coram nobis* proceeding. (*Matter of Gross* v. *Macduff*, 284 App. Div. 786, 789.)

There is no issue of fact. Accordingly, the order appealed from should be reversed, on the law, and the petition dismissed.

BOTEIN, P. J., VALENTE, MCNALLY, STEVENS and BERGAN, JJ.. concur.

Order so far as appealed from unanimously reversed on the law, with $20 costs and disbursements to the appellant, and the petition dismissed.