George D. Ogden, J.
Defendant’s motion for disqualification of certain Judges is dismissed as academic, this matter having been referred to the undersigned for decision.
By Indictment No. 44, filed January 14, 1949, defendant was charged with the crimes of burglary, third degree and petit larceny. Represented by counsel, defendant originally pleaded not guilty to this indictment. On January 24, 1949, defendant appeared in court with his counsel and the following took place:
“ mr. henry: Robert Lynd?
“defendant: Yes, sir.
“ mr. henry: You are represented by Mr. Vandenberg, your attorney, who is with you at this time?
“defendant: Yes.
“ mr. henry: You have previously been arraigned on indictment No. 44, filed January 14, 1949, which charges you with burglary third degree and petit larceny.
Do I understand you wish to withdraw your plea of not guilty which you have entered to this indictment and to enter in its place a plea of guilty?
“defendant: That’s right.
“ mr. henry: You are entering this plea after talking this matter over and advising with your lawyer and upon his advice and with his consent, is that true ?
‘1 defendant ; That’s right. ’ ’
Defendant now claims that section 335 of the Code of Criminal Procedure was never complied with, that he never pleaded guilty to the indictment, that .the felony conviction of February 18, 1949 is a nullity and could not be used as the underlying conviction for defendant’s sentence on October 20, 1955 for grand larceny, first degree, as a second felony offender.
My attention has not been called to, nor has research disclosed, any case directly in point. In People ex rel. Walsh v. Warden (176 Misc. 627, 628, affd. 262 App. Div. 859), involving the entering of a plea in a room adjacent to the courtroom, the court said:
*1072 “ Neither upon the motion made to withdraw the plea of guilty, nor upon the motion for a new trial, nor upon the hearing of a writ of habeas corpus, was it ever contended that the plea of guilty was a nullity,” and (p. 629): “ It is well settled that a defendant can waive, not only the statutory provisions which are designed for his benefit, but even a constitutional provision as well. In any event, it appears little short of ridiculous to me that the defendant should now be permitted, at this late date, to take advantage of a situation that he himself brought about. He should be held to the position which he has assumed and upon which he requested and secured a personal advantage,” and, on the same page: “ We now look for the substance of the invasion of these rights rather than a mere nebulous theory thereof.”
The court held that the plea of guilty was proper, and said (p. 630): “ I do not think that section 335 of the Code of Criminal Procedure which provides that pleas be taken in open court intended to prescribe a specific mode of procedure based upon fundamental rights in the public, but rather a personal privilege of the defendant.
‘11 see no fundamental right involved and I see no public injury which would result. ’ ’
In People v. Sadness (300 N. Y. 69) Special Term held that the entry of a plea of guilty by defendant’s counsel was proper and that sentence could be imposed thereon, and dismissed defendant’s petition for a writ of error coram nobis to vacate and set aside such conviction. The Appellate Division (275 App. Div. 260) reversed, set aside the judgment of conviction, and vacated the sentence, on the ground that the trial court was divested of its jurisdiction (300 N. Y., at p. 73) “when the defendant’s plea of guilty was put in by counsel instead of by defendant himself, as provided by section 335 of the Code of Criminal Procedure. ’ ’ The Court of Appeals reversed the order of the Appellate Division, and affirmed the order of County Court dismissing the petition, and said (p. 73). “As we read the language of section 335, compliance with its mandate depends upon the putting in of the plea in open court, rather than upon the circumstance that the actual word of ‘ guilty ’ must issue from the mouth of the defendant himself.
‘ ‘ The proceedings here were conducted in open court. The defendant was present and heard his counsel request the court to change his former plea of not guilty to one of guilty.” (See, also, People v. McGuire, 13 A D 2d 794.)
In the case at bar, this is at least the fourth application for resentence or to set aside his conviction made by defendant; *1073 in none of the preceding applications ‘ ‘ was it ever contended that the plea of guilty was a nullity.” Throughout the proceedings of January 24, 1949, questions were asked of the defendant personally, and the plea of guilty was referred to as defendant’s plea. It might be said that, in entering this plea, defendant was speaking through his agent, and that whatever action was taken was the defendant’s; certainly the plea was made and taken in open court, and defendant caused the plea to be entered voluntarily and knowingly.
Defendant intended to plead guilty, and did so plead, and in my opinion the provisions of sections 333, 334 and 335 of the Code of Criminal Procedure were properly complied with.
Consideration of the other claims made by defendant discloses no reason for vacating the judgment of conviction.
Defendant’s petition for a writ of error coram nobis to set aside and vacate the judgment of February 18, 1949 convicting him of burglary, third degree and petit larceny, and defendant’s motion for resentence based upon his sentence as a second felony offender on October 20,1955, in all respects are denied.