■ In the Matter of BRUCE S. PEACHEY, Respondent, v COMMISSIONER OF MOTOR VEHICLES OF THE STATE OF NEW YORK, Appellant.—Order unanimously reversed and petition dismissed, without costs. Memorandum: In this CPLR article 78 proceeding, respondent appeals from the order of Special Term staying the mandatory order of revocation of petitioner's New York

State motor vehicle operator's license pursuant to section 510 (subd 2, par a, cl [iii]) of the Vehicle and Traffic Law. Petitioner alleges that he was arrested and charged with driving while intoxicated in violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law on July 7, 1979; that he subsequently pleaded guilty to the charge on July 9, 1979 in the Town of North Elba Justice Court, located in the Village of Lake Placid; that such plea was improperly taken and was defective; that his motor vehicle operator's license was thereafter revoked by respondent on August 20, 1979; and that a motion pursuant to CPL 440.10 to withdraw the guilty plea, vacate the conviction and place the action on the Justice Court Trial Calendar is currently pending in the Justice Court. The petition does not challenge or seek to review any aspect of the commissioner's action in revoking petitioner's license, which, it appears, was entirely proper in view of the statutory requirements for mandatory revocation in the circumstances here (see Vehicle and Traffic Law, § 510, subd 2, par a, cl [iii]; § 514, subd 1). The sole purpose of the CPLR article 78 proceeding is to obtain a stay of the revocation pending the determination of the motion in Justice Court. CPLR article 78, however, contains no provisions for a proceeding where the only relief sought is a stay (see CPLR 7801, 7803). A court may grant a stay in a CPLR article 78 proceeding in a proper case but only as relief that is ancillary to the ultimate relief sought pending the determination of the merits of the matter over which it has jurisdiction (see CPLR 7805; see, also, Siegel, New York Practice, § 567, p 795). Nor may the order be sustained as a stay in a proceeding to review the conviction in Justice Court inasmuch as the conviction may not be attacked collaterally in a CPLR article 78 proceeding in Supreme Court (see *Matter of Hickey v Kelly,* 9 AD2d 386, 387, affd 8 NY2d 715). (Appeal from order of Monroe Supreme Court— CPLR art 78.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.