OPINION OF THE COURT
Sidney Leviss, J.
In this CPLR article 78 proceeding, petitioner Lefferts Grove Co. seeks an order staying respondent’s order of December 30, 1987 pending the determination of a petition for administrative review.
Petitioner Lefferts Grove Co. is the owner of a rent-con *407 trolled apartment building located at 92-11 35th Avenue, Jackson Heights, New York. On December 30, 1987, the District Rent Administrator issued an order directing a building-wide decrease in rent due to the owner’s failure to maintain certain services. Petitioner filed a petition for administrative review (hereinafter PAR) with the Division of Housing and Community Renewal of the State of New York (hereinafter DHCR) on February 2, 1988. Petitioner also requested that respondent William Eimecke, Commissioner of the DHCR, issue a stay of the December 30, 1987 order pending the determination of its PAR.
On February 25, 1988, petitioner commenced the within proceeding and seeks a stay of the December 30, 1987 order pending the determination of the PAR. Petitioner asserts that respondent has failed to respond to its February 2, 1988 request for a stay, although such relief is available pursuant to Rent Stabilization Code (9 NYCRR) 2529.12. It is further alleged that it will take approximately two years for the PAR to be determined, thereby causing petitioner substantial financial harm. Petitioner thus seeks a stay in order to maintain the status quo while the PAR is pending, and asserts that it is likely to succeed on the merits.
Respondent, in opposition, asserts that petitioner’s application for a stay should not proceed in the absence of the tenants residing at the subject premises. Respondent asserts that these tenants are necessary parties, and as they have not been named and served, the petition should be dismissed.
Petitioner’s application for a stay of the December 30, 1987 order pending the determination of the PAR is denied and the within proceeding is dismissed. CPLR article 78 contains no provisions for a proceeding where the only relief sought is a stay. (See, CPLR 7801, 7803.) A court may grant a stay in an article 78 proceeding in a proper case, but only as relief that is ancillary to the ultimate relief sought pending the determination of the merits of the matter over which it has jurisdiction. (See, CPLR 7805; see also, Siegel, NY Prac § 567.) Inasmuch as the relief sought herein is a stay, such relief is unavailable and the within proceeding must be dismissed. (Matter of Peachy v Commissioner of Motor Vehicles, 75 AD2d 720.)
The court further notes that petitioner is not entitled to relief in the nature of mandamus directing respondent to issue a stay. The issuance of a stay by the Commissioner *408 pending the determination of the PAR, pursuant to New York City Rent and Eviction Regulations (9 NYCRR) 2208.11, is clearly a discretionary act and therefore mandamus is unavailable. (See, Matter of Kupersmith v Public Health Council, 101 AD2d 918, affd 63 NY2d 904; Matter of Hampton’s Hosp. & Med. Center v Moore, 52 NY2d 88; Matter of Peirez v Caso, 72 AD2d 797.) Section 2529.12 of the Rent Stabilization Code is inapplicable, as the subject premises are rent-controlled and not rent-stabilized housing units.
Finally, petitioner’s assertion that it will take approximately two years or more for the DHCR to determine the PAR is purely speculative. Petitioner commenced the within proceeding a mere 23 days after filing the PAR, and requesting a stay of the December 30, 1987 order. The DHCR’s time in which to determine the PAR had thus not expired when this proceeding was commenced, and petitioner has' neither alleged nor demonstrated a delay in the determination of the PAR.
In view of the foregoing petitioner’s application for a stay is denied and the within petition is dismissed.