THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* LOUIS FIATO, Defendant.

County Court, Broome County, July 9, 1954.

*Robert E. Fischer, District Attorney* (*Louis J. Casella* of counsel), for plaintiff.

*Smyk & Schwab* for defendant.

BRINK, J. The above-named defendant, Louis Fiato, has petitioned this court in a proceeding in the nature of a writ of *coram nobis* to vacate and set aside a judgment of conviction rendered in this court on the 22d day of November, 1934, on an indictment charging the defendant with the crime of rape in the second degree and a later judgment of conviction, rendered November 18, 1937, under an indictment charging the defendant with the crime of rape in the first degree as a second offender. In both instances, the judgment of conviction followed a plea of guilty by the defendant. Upon the first conviction on November 22, 1934, the defendant was sentenced by the late Hon. THOMAS A. MACCLARY, former Broome County Judge, to not less than four nor more than eight years in Attica State Prison, sentence suspended and defendant placed on probation for ten years, and on the later conviction in 1937, the defendant was sentenced, as a second offender, to an indeterminate term in Attica State Prison of not less than twenty years nor more than forty years. On March 5, 1951, the petitioner was released from prison on parole.

The purpose of the petitioner in this proceeding, is to establish the status of the petitioner as a first offender at the time of his conviction in 1937, so that the court would be required to resentence him on that conviction as a first offender within the twenty-year maximum provided by law. If this could be accomplished, the petitioner's parole period would expire at a date many years earlier. The determination of this proceeding depends upon the answer to two questions: First, was the conviction in 1934, lawfully and properly obtained? Second, if the procedure involved in the 1934 conviction was irregular and illegal, is the petitioner entitled to relief at this time in this proceeding?

The petitioner attacks the 1934 conviction on the ground, that such conviction was not rendered upon a plea entered in " open court ", pursuant to the provisions of section 335 of the Code of Criminal Procedure. For the reason that issues of fact are involved, the court granted the petitioner a hearing which was held on January 13, 1954.

From the testimony on the hearing, it appears that on the 22d day of November, 1934, the petitioner represented by an attorney, John D. O'Loughlin, Esq., entered a plea of guilty to the indictment before Hon. THOMAS A. MACCLARY, Broome County Judge, in the chambers of the County Judge, at that time on the ground floor of the Broome County courthouse, in the city of Binghamton at a session of a regular term of County Court.

The petitioner testified, that at the time such plea was entered, no one was present, except the petitioner, his father, the petitioner's attorney and the Judge. His attorney, John D. O'Loughlin, testified that he appeared for the petitioner and that he recalled the petitioner's father being present, but that he did not remember the clerk or any representative of the District Attorney's office at the arraignment. The District Attorney produced A. E. Gold, Esq., District Attorney of Broome County, at the time of the conviction, who definitely recalled the case and further recalled being present at the time the plea was entered. Judge GOLD also recalled, that the clerk of the court was present. George B. Coutant, the clerk of the court in whose handwriting the presentence statement, an exhibit in evidence was taken, testified that there were no occasions on which he took presentence statements, when he was not actually present in court. Donald W. Kramer, assistant district attorney at the time of conviction, Ray T. Hackett, a former assistant district attorney, John J. Cucci, a practicing attorney and Robert Cohn, a former newspaper reporter, all testified as to their knowledge of the procedure, that was followed in handling criminal arraignments, near or during the period involved in this conviction.

On the question of credibility involved on the issue as to who was present at the time of the arraignment, this court finds, that the District Attorney and the clerk were actually present. The defendant's attorney, Mr. O'Loughlin, was somewhat vague in his recollection. The testimony of the defendant supported by only his attorney's indefinite recollection is outweighed by other evidence to the extent, that this court is satisfied beyond a reasonable doubt, that the clerk and District Attorney were present.

The next question to be considered, is whether the proceeding with the clerk and the District Attorney and defense counsel present before the court, constituted an arraignment in " open court " within the meaning of the statute.

It clearly appears from the evidence, that at this particular time in the Broome County courthouse, there was only one formal courtroom available for all sessions of the Supreme Court and County Court. This situation is not unusual in many counties of this State. In or about 1938, a second courtroom was remodeled and furnished for the use of the County Court. It further appears from the evidence, that on occasions when the Supreme Court was in session or when several arraignments were not held at one time, it was customary for the County Judge to dispose of criminal cases in his chambers, although it does not appear that the Supreme Court was actually in session at the time of the arraignment in question. It seems quite obvious, that if this practice had not been followed, it would have been impossible for County Court to function as a court in the disposition of criminal cases, while the Supreme Court was actually in session.

It has been established by the evidence, that when criminal arraignments were held in the chambers of the County Judge, newspaper reporters and other attorneys were often present and, in fact, no one was barred who might have any interest in the proceeding. In fact, a newspaper article was introduced in evidence giving an account of the defendant's conviction. Official County Court minutes, in the handwriting of George Coutant, the clerk of the court, were introduced in evidence, showing the proceedings in two criminal cases on November 22, 1934, including the arraignment involved in this proceeding. The question arises as to whether the term " open court " implies, that a judge cannot hold " open court " any place other than in a formal courtroom. Such an interpretation would seem unreasonable. It is quite customary to try civil nonjury trials in judges' chambers. To all intents and purposes, such trials are considered court proceedings. The test, as to whether a court is an " open court " should be: First, whether the officers necessary to constitute a court, are present. Second, whether the proceeding is conducted openly so far as the public is concerned. It is the determination of this court from the evidence in this case, that the necessary officers were present. If the practice of holding court in chambers is carried on to such extent, that the members of the Bar, members of the press and any of the public who may be interested, have knowledge of the practice and the public is

not excluded, then it cannot be said that such court is not being conducted openly. From the evidence in this case, it seems quite apparent, that the County Judge of this county, before the installation of the additional county courtroom, conducted County Court in his chambers in a manner which met these requirements. To hold otherwise, would invalidate hundreds and possibly thousands of convictions throughout the State, by a strained and unusual construction of a simple term.

In this case, we have the additional factor, that at the time of the arraignment, the defendant was represented by counsel and necessarily must have acquiesced and consented to the proceeding being conducted in chambers. No proof has been presented to this court to establish, that the defendant was in any way prejudiced. Under these circumstances, this would not be such a type of procedural or jurisdictional irregularity, that could not be waived by the defendant. (*People ex rel. Walsh* [*Franco*] v. *Warden of Sing Sing Prison,* 176 Misc. 627.)

Furthermore, it is the opinion of this court, that such an irregularity was a procedural question which could have been raised by a motion in arrest of judgment, or by appeal. All of the facts which are known now, were known at the time of the conviction, to both the defendant and to his counsel. This court seriously questions the logic and advisability of extending the remedy of *coram nobis* to procedural irregularities where a defendant has not been deprived of some constitutional or fundamental right or in some manner prejudiced. (*People* v. *Sadness,* 300 N. Y. 69.)

The petition should be dismissed and the application denied. An order may be submitted accordingly.