(573 P 2d 1130)

No. 48,799

VERYL L. MORRIS, *Appellant,* v. STATE OF KANSAS, *Appellee.*

Opinion filed January 20, 1978.

*Peter L. Irigonegaray,* of Topeka, for the appellant.

*Albert D. Keil,* assistant district attorney, *Curt T. Schneider,* attorney general, *Gene M. Olander,* district attorney, and *Donald P. Morrison,* former assistant district attorney, for the appellee.

Before SPENCER, P.J., FOTH and SWINEHART, JJ.

FOTH, C.J.: Veryl L. Morris filed this petition under K.S.A. 60-1507 to vacate two consecutive sentences of fifteen years to life which had been imposed on his plea of guilty to two counts of aggravated sodomy. The trial court appointed counsel, held a hearing, and denied the motion. This appeal followed.

The record indicates that petitioner was originally charged with thirteen felony counts, including the two involving young boys to which he pleaded guilty. He had at least two prior felony convictions, one of which also involved sexual offenses with children. As a result of plea bargaining he was permitted to plead

to the two counts here in question, with eleven counts being dismissed. The habitual criminal act was not invoked.

On appeal he raises four points:

1. Petitioner makes no serious argument in this court to support his claim that his original trial counsel did not act competently. No factual basis is asserted, and the plea bargain struck represents probably the best that could have been done with the petitioner's case.

2. The two sentences imposed were for the same type of offense, but were based on separate incidents constituting separate crimes. He was not subjected to double jeopardy.

3. There is nothing to support his claim that his plea was involuntary or that there was a breach of any promise to him. The trial court carefully interrogated him at the time of the plea concerning his physical and mental condition, his understanding of the possible consequences of the plea as explained by the court, and the nature and extent of the plea bargain. Some of the same ground was retraced at the time of sentencing a month later. No complaint was registered then or in the interim. No suggestion appears of any promises by the prosecution or the court as to any particular sentence. In addition, the same judge presided over the plea, sentencing, and the hearing in this proceeding during which the previous transcripts were reviewed. The trial court thus had independent knowledge as to the merits of petitioner's claim of judicial involvement in the plea bargain.

4. Petitioner's only serious contention is that his plea was taken in chambers, rather than "in open court" as required by K.S.A. 22-3210(1). The record shows that the proceedings were removed to the judge's office without objection because the venire from which petitioner's jury would be drawn was present in the courtroom. The move was deemed advisable so that the prospective jurors would not be prejudiced should the proposed guilty plea proceedings be commenced but not consummated and a trial should prove necessary. The alternative was to clear the prospective jurors from the courtroom.

The contention that the proceedings were "in chambers" is without merit. The distinction between that term and "in court" is aptly noted in *People v. Valenzuela,* 259 Cal. App. 2d 826, 66 Cal. Rptr. 825 (1968), *cert. denied,* 394 U.S. 949, 22 L.Ed.2d 482, 89 S.Ct. 1286 (1969). In that case, as in this, the proceedings were

removed to the judge's office. There the defendant waived a jury and consented to a trial by the court. To be valid such a waiver was required by the California constitution to be made "in open court." The court observed:

"The meaning of the word 'chambers' varies with the context in which it is used. It may mean a room adjacent to a courtroom in which a judge performs the duties of his office when his court is not in session. The word 'chambers' is also commonly used in a different sense. When a judge performs a judicial act while the court is not in session in the matter acted upon, it is said that he acted 'in chambers' whether the act was performed in the 'judge's chambers,' the library, at his home, or elsewhere. (Citations omitted.)

"If, in the judge's chambers, the court is in session as to the matter on trial, the judicial action is taken in court, and not 'in chambers.' . . . " (p. 831.)

The case relied on by petitioner here, *The State v. Start,* 62 Kan. 111, 61 Pac. 394, involved judicial action taken by a judge while the court was in vacation and not in session. Under the *Valenzuela* definition such action was clearly "in chambers." Just as clearly, the action taken here was taken by the court while in session, and was thus "in court."

The *Valenzuela* case also discusses the "open" aspect of the phrase "in open court."

"In the present case, the waiver of jury trial was made in court, and it was in open court if the public was not excluded.

"We do not believe that 'in open court' means any more or less than 'public trial,' which is guaranteed by the Constitution.

"A court session which is 'public' is also 'open' and it is appropriate to look to the definitions of 'public trial.'

" 'Under normal conditions a public trial is one which is open to the general public at all times.' (*People v. Byrnes,* 84 Cal. App. 2d 72, 73, [190 P.2d 290].)

" 'The trial should be public in the ordinary common-sense acceptation of the term. The doors of the courtroom are expected to be kept open, the public are entitled to be admitted, and the trial is to be public in all respects, as we have before suggested, with due regard to the size of the courtroom, the conveniences of the court, the right to exclude objectionable characters and youth of tender years, and to do other things which may facilitate the proper conduct of the trial.' (*People v. Hartman,* 103 Cal. 242, 245, [37 P. 153, 42 Am.St.Rep. 108].)" (pp. 831-832.)

After discussing cases in which the test was said to be whether any member of the public or the press who desired access would have been barred, the court concluded:

"The record does not show that before moving the trial to the judge's chambers the court declared a recess or indicated in any manner that the session in chambers was to be private. There was no evidence that the door between the two rooms was

closed at any time during the court session in chambers. Full effect must therefore be given to the presumption that the court accepted the waiver of jury trial in open court and not behind closed doors.

"Appellant's contention that his waiver of jury trial was not in open court finds no support in the record." (pp. 832-833.)

The same result has been reached by other courts faced with similar fact situations. *See, e.g., People ex rel. Walsh (Franco) v. Warden of Sing Sing,* 176 Misc. 627, 27 N.Y.S.2d 273 (1941); *People v. Fiato,* 206 Misc. 111, 132 N.Y.S.2d 188 (1954); *People v. Dudla,* 39 Misc. 2d 498, 241 N.Y.S.2d 404 (1963). *Cf., Loke v. State,* 254 S.W.2d 137 (Tex. Cr. App. 1953), and *Rush v. State,* 253 Ala. 537, 45 So.2d 761 (1950), in both of which it was held that the drawing of prospective jurors' names in the clerk's office met a statutory requirement that it be done "in open court" where the court was in session and the proceedings were accessible to the public. *And cf., State v. Rhone,* 219 Kan. 542, 548 P.2d 752, where the court approved the adjournment of a jury trial to a private home to hear the testimony of a key prosecution witness who was ill.

In our opinion the procedure employed here amounted at most to an irregularity, not requiring that the resulting judgment be set aside. Present when the plea was entered were the judge, the prosecutor, the defendant, defense counsel, and the official court reporter. There is no showing that anyone was excluded from the proceeding, and no objection was made or question raised by the defendant or his counsel about the location. If the purpose of the "open court" provision is the same as the constitutional guarantee of a "public trial," *i.e.,* to eliminate secret proceedings with their potential for tyranny and coercion, that purpose was adequately fulfilled in this case.

Affirmed.