**Lloyd Michael TILLOCK, Respondent,**

v.

**STATE of Missouri, Appellant.**

**No. 14521.**

Missouri Court of Appeals,
Southern District,
Division One.

May 29, 1986.

David Robards, Joplin, Missouri, for respondent.

William J. Fleischaker, Joplin, David C. Dally, Carthage, Joseph W. Rigler, Joplin, for appellant.

GREENE, Judge.

Movant, Lloyd Michael Tillock, entered a plea of guilty to a felony charge of selling marijuana, § 195.020,[1] and was sentenced to five years' imprisonment.

After he was confined, Tillock filed a motion to set aside his conviction and sentence pursuant to Rule 27.26, alleging, among other things, that his plea of guilty was involuntary, as he had entered it on the advice of his attorney who had assured Tillock that he would be placed on probation if he entered the plea. The motion was heard by a successor judge, the sentencing judge having been disqualified.

An evidentiary hearing was held, during which Tillock testified that it was his belief, based on representations of his attorney, that he would be placed on probation by the trial court if his presentence report was favorable and that, if the trial court indicated Tillock would not be placed on probation, he would be allowed to withdraw his plea. His trial attorney was not called as a witness by Tillock or the state. After hearing, the motion court made findings of fact and conclusions of law, and entered an order vacating the sentence and setting aside the guilty plea. The motion court found that the presentence report made by an officer of the Missouri Board of Probation and Parole, which stated "not oppose ... probation," was a favorable report, and "according to movant's understanding of the plea agreement and the assurances of his attorney, he should have been permitted to withdraw his plea of guilty if probation was to be denied."

The state appealed, alleging 1) Tillock had waived any right to Rule 27.26 relief by "failing to pursue the direct appeal of his conviction and sentence," 2) the motion court's findings of fact were against the greater weight of the evidence, and 3) the motion court's conclusions were based on an erroneous statement and application of law.

Our review is limited to a determination of whether the findings, conclusions, and order of the motion court are clearly erroneous. Rule 27.26(j). As to point one, the scope of review on direct appeal after a guilty plea is restricted to questions of jurisdiction of subject matter and legal sufficiency of the criminal charge. *State v. Zito*, 595 S.W.2d 383, 384 (Mo.App.1980). Tillock's remedy to challenge the legitimacy of his claim of an involuntary plea was to file a Rule 27.26 motion, which rule is intended to provide the exclusive procedure to be followed when a prisoner in custody seeks relief on the basis of a claim of an

---

1. Unless otherwise indicated, all references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

involuntary plea of guilty. *See Winford v. State*, 485 S.W.2d 43, 49 (Mo. banc 1972). The state's claim that Tillock waived his right to contest the voluntariness of his guilty plea has no merit.

■ Turning to the remaining two allegations of the state, we observe that the law favors trial on the merits, and a defendant should be permitted to withdraw his plea of guilty if he has been misled or induced to plead guilty by fraud, mistake, misapprehension, fear, coercion or promises. *Latham v. State*, 439 S.W.2d 737, 739 (Mo.1969).

■ Here, the motion court found that Tillock was misled by his trial counsel when he was told that he could withdraw his plea if the trial court refused to grant probation. It also found, by implication, that such mistaken advice rendered the plea involuntary which, in turn, resulted in manifest injustice when the trial court refused to let Tillock withdraw his guilty plea. These findings and conclusions are not clearly erroneous. The state did not call Tillock's trial attorney to refute his claim that his counsel's advice induced him to plead guilty. The motion judge had a right to believe Tillock. Tillock's testimony provided a sufficient basis for the findings, conclusions, and order of the motion court as his assertion of an involuntary plea is not conclusively refuted by the record.

We note in passing that much of movant's and the state's briefs deal with nuances and interpretations of the language used in the written plea bargain agreement and petition to enter a guilty plea. Inconsistencies in the language in the two agreements, plus a failure to adequately cover the issue of withdrawal of a guilty plea, undoubtedly contributed to the confusion attendant to the proceedings here.

For an excellent discussion of plea bargain agreements and the responsibilities of the trial court thereto, see *Schellert v. State*, 569 S.W.2d 735 (Mo. banc 1978).

The order setting aside Tillock's sentence and guilty plea is affirmed.

TITUS, P.J., and FLANIGAN, J., concur.