Troy **FORSYTHE,**

v.

**STATE of Missouri.**

No. 16009.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 11, 1989.

**310**

Melinda K. Pendergraph, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

By two-count information filed in the Circuit Court of Jasper County, movant Troy Forsythe (to whom we shall refer as the defendant) was charged with burglary in violation of § 569.170, RSMo 1986, and stealing, in violation of § 570.030, RSMo 1986. The information was filed May 1, 1987. On May 11, 1987, upon the defendant's petition, the trial court accepted the defendant's plea of guilty to both charges. On May 14, the defendant moved the Court to set aside the judgment of conviction and permit him to withdraw his plea pursuant to Rule 29.07(d). The trial court denied this motion after a hearing. Thereafter on November 5, 1987, the defendant filed a pro se motion for postconviction relief pursuant to former Rule 27.26.[1] The trial court denied relief without an evidentiary hearing and the defendant appealed. We affirm.

The transcript of the hearing on the guilty plea discloses the following facts. The defendant and another person had broken into a house under construction and had stolen an air compressor. The defendant was on parole at the time, although the nature of the offense of which he had been convicted is not apparent. On May 6, 1987, defendant, his attorney and the prosecuting attorney entered into a plea bargain. A written memorandum of the plea bargain was prepared. The writing stated:

---

**1.** Rule 27.26 was repealed and replaced by Rules 24.035 and 29.15, effective January 1, 1988. Inasmuch as sentence in this case was pronounced prior to January 1, 1988, and a postconviction proceeding was pending at that time, this appeal is governed by the law applicable to a proceeding under former Rule 27.26. Rule 24.035(e).

"Defendant to enter plea to Count I and Count 2 and be sentenced to five years on each count, to run concurrent with each other. Defendant to waive presentence investigation. Sentence to run with current parole, extending said parole to five years."

The defendant has briefed three assignments of error in this court. The substance of his last two points relied on and indeed the thrust of his entire postconviction motion is that he understood the plea bargain to mean that "five years ... would be extended onto my current parole and that I was going to be released [the day the plea was entered]." The defendant so testified at the hearing on the motion to withdraw his plea pursuant to Rule 29.07(d). The trial court denied the motion, as we have indicated, and the defendant subsequently filed the motion which we now consider.

■ The substance of the defendant's argument deserves some discussion. To begin with, it may be granted that the written plea bargain was imprecise and ambiguous. It could easily have been more clearly drawn. The ambiguity of the draftsman's language does not, however, invalidate the plea. The defendant is entitled to what he bargained for, *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), and a broken State promise which has induced a guilty plea implicates the due process clause because it impairs the voluntariness and intelligence of the plea. *Mabry v. Johnson*, 467 U.S. 504, 509, 104 S.Ct. 2543, 2548, 81 L.Ed.2d 437, 443 (1984). Nevertheless the accused is not entitled to rely on an unrealized expectation which is unreasonable. As our Supreme Court stated in *McMahon v. State*, 569 S.W.2d 753, 758[5] (Mo.banc 1978):

"The 'subjective' test urged upon us is not the test of voluntariness. Any test of whether a person, in fact, has harbored a particular belief is necessarily subjective. While an individual may proclaim he had a certain belief and may subjectively believe it, if it was unreasonable for him to entertain such a belief at the time of the plea proceeding, relief should not be granted. The subjective test has to be viewed in the light of the reasonableness of the claimed belief.... Where there is no reasonable basis for the belief in light of the guilty plea record, movant is not entitled to relief."

■ In this case, the record of the guilty plea shows that the defendant had been paroled by the Department of Corrections after he had spent 28 months in custody of the Division of Adult Institutions. On three occasions during the guilty plea proceeding, the trial court explained its understanding of the plea bargain to the defendant. The court addressed the defendant as follows:

"Well, the substance of this agreement is that upon your pleas to the two counts, the parties would agree that the Court then would sentence you to five years on each count, but order the sentences to run concurrently. That is, at the same time. In addition, *to order that the sentences run concurrently with any sentence you receive on a parole revocation ....*" (Our emphasis.)

The trial court repeated this explanation of the plea bargain twice and each time the defendant assured the court that the substance of the agreement was as the court had stated it. The reasonableness of the defendant's belief that he was to be further enlarged upon parole was a matter for the trial court, which concluded that the defendant understood he was to receive two 5-year sentences to run concurrently with any sentence imposed upon a parole revocation.

■ What we have just said, however, is not the basis of our ruling on the defendant's points II and III, which address the defendant's understanding of his plea bargain. Former Rule 27.26 was adopted by our Supreme Court in 1952, *Day v. State*, 770 S.W.2d 692, 693 (Mo.banc 1989), and it was amended several times before it was repealed. In construing former Rule 27.26, our Supreme Court consistently held that it could not be used as a vehicle to relitigate claims which had been finally adjudicated in another proceeding. *State v. Thomp-*

*son,* 324 S.W.2d 133, 136[6] (Mo.banc 1959) (issues had been previously adjudicated on habeas corpus); *State v. Ashe,* 403 S.W.2d 589, 590–91 (Mo.1966) (question of double jeopardy previously decided). In this case, the defendant's contention that he misunderstood the terms of his plea bargain was fully and finally adjudicated when his motion to withdraw his plea was denied. An order denying a defendant's motion to withdraw his plea of guilty is an appealable order. *State v. Skaggs,* 248 S.W.2d 635, 636[2] (Mo.1952); *State v. Begley,* 534 S.W.2d 632, 634 (Mo.App.1976). Here the motion to withdraw the guilty plea was denied May 18, 1987. No appeal was taken and the order became final. The defendant was precluded from raising the same issue by a proceeding under former Rule 27.26. Although relief was not denied on the precise ground we have articulated, it is to be borne in mind that in proceedings under former Rule 27.26, even if the trial court's basis for denying relief is incomplete or incorrect, we must affirm the judgment if it is sustainable on other grounds. *State v. Kimes,* 415 S.W.2d 814, 815 (Mo.1967); *Mercer v. State,* 666 S.W.2d 942, 947[9–11] (Mo.App.1984); *Jones v. State,* 604 S.W.2d 607, 609 (Mo.App.1980). The defendant's argument that he did not understand his plea bargain and that he did not, therefore, voluntarily and intelligently plead guilty, is without merit.

■■■ The defendant's further complaint is that his appointed counsel failed to ascertain whether all grounds known to the defendant were included in his postconviction motion, which was prepared and filed pro se. The defendant argues that the judgment should be reversed and the cause remanded for compliance with former Rule 27.26(h) which imposed upon counsel the duty to ascertain whether all grounds known as a basis for attacking the judgment and sentence were included in the motion and, if they were not, to file an amended motion presenting the additional grounds. Nevertheless counsel was not automatically required to file an amended motion in every case. Amendment was required if the pro se motion either failed to raise all known grounds for relief or

failed to state those grounds fully and accurately. *Woolsey v. State,* 738 S.W.2d 483, 485 (Mo.App.1987). Careful examination of the record discloses no claim that the defendant was aware of any additional grounds to be alleged in an amended motion or that appointed counsel failed to allege grounds which were available. In essence, the defendant's claim is that he did not receive the effective assistance of 27.26 counsel. Such a claim is not cognizable on a direct appeal or in a subsequent motion. *Woolsey v. State,* 738 S.W.2d at 485.

We cannot say that the trial court's findings, conclusions and judgment are clearly erroneous within the meaning of former Rule 27.26(j) and accordingly the judgment is affirmed.

FLANIGAN, P.J., and MAUS, J., concur.