Donald CAMMANN, Appellant,

v.

STATE of Missouri, Respondent.

No. 56486.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 13, 1990.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
March 14, 1990.

Application to Transfer Denied
April 17, 1990.

James S. McKay, St. Louis, for appellant.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Presiding Judge.

Movant pled guilty to robbery in the second degree on August 4, 1986. Movant was sentenced to eight years imprisonment to be served concurrently with a seven year sentence previously imposed in another cause.

On June 16, 1988 movant filed a *pro se* motion pursuant to Missouri Supreme Court Rule 24.035. Thereafter, counsel filed an amended motion on September 22, 1988 alleging that trial counsel was ineffective for failing to investigate Arnold Dickerson, a "known witness," and failing to explain to movant both the nature of the charge and the criminal process. On February 23, 1989 the motion court denied movant's claim without holding an evidentiary hearing. Movant now appeals. We affirm.

Movant's sole point on appeal asserts: The motion court erred in denying the 24.035 motion without an evidentiary hearing, since an evidentiary hearing was necessary to determine the effectiveness of trial counsel's failure to contact a known witness, which claim if true, would not clearly refute movant's guilty plea record.

Appellate court's review of the motion court's denial of post conviction relief is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Missouri Supreme Court Rule 24.035(j). The motion court's findings and conclusions are deemed clearly erroneous only if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Day v. State*, 770 S.W.2d 692, 695 (Mo. 1989) citing *Sanders v. State*, 738 S.W.2d 856, 857 (Mo.1987).

The motion court's findings of fact, conclusions and order denying post-conviction relief is based on the ground that movant's guilty plea was voluntarily made, after understanding the nature of the charge.

In addition, movant's assertion of ineffective assistance of counsel is refuted by the record, and without merit.

To succeed on a claim for an evidentiary hearing, movant must satisfy three requirements: 1) he must have alleged facts, not conclusions which if true would warrant relief; 2) the allegations of fact must not be refuted by the record; and 3) the matters complained of must have resulted in prejudice to the movant's defense. *Fairley v. State*, 770 S.W.2d 458, 459 (Mo.App. 1989). In addition, an evidentiary hearing is not required if the court shall determine that the motion and the files and records of the case conclusively show that the movant is entitled to no relief. Missouri Supreme Court Rule 24.035(g).

Movant alleges that trial counsel was ineffective because he failed to contact Arnold Dickerson. Movant asserts that Mr. Dickerson would have testified that movant did not own the alleged robbery weapon and it was never in movant's possession. However, movant's assertions are refuted by the record. Movant testified at the plea hearing that he was satisfied with his attorney's advice and representation of the case. In addition, movant understood that he had a right to have witnesses testify in his behalf. Nevertheless, movant pled guilty after understanding his rights. Consequently, the motion court found movant's plea was voluntarily and knowingly made.

After a review of the entire record we determine that the findings and conclusions of the motion court are not clearly erroneous. Point denied.

Judgment affirmed.

CRANDALL and KAROHL, JJ., concur.