**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Mary HARDAMON,
Defendant–Appellant.**

**No. 16434.**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 26, 1990.

William L. Webster, Atty. Gen., Stewart M. Freilich, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Lew Polivick, Gilmore Law Firm, Sikeston, for defendant-appellant.

GREENE, Judge.

On June 21, 1989, defendant, Mary Hardamon, pursuant to a plea bargain arrangement, entered what is known in law as an Alford plea[1] to the charge of possession of cocaine and was sentenced to three years' imprisonment as punishment for the crime, with the sentence to run concurrent to a three-year prison sentence she had received in the state of Illinois following a felony conviction there.

On June 26, 1989, the attorney for Hardamon filed a notice of appeal which was docketed here on June 27, 1989. In her brief filed here, the attorney for Hardamon attempts to raise an issue of trial court error prior to the entry of the Alford plea, contending the trial court erred in overruling Hardamon's motion to suppress evidence (the cocaine) found in Hardamon's home when she was arrested on another charge.

■ An Alford plea, while not containing an admission of the commission of a crime, is a plea of guilty based on defendant's belief that he would receive a greater sentence if he stood trial than he would receive through a plea bargain agreement. *Alford*, 400 U.S. at 27–28, 91 S.Ct. at 162–63; *Clemons v. State*, 755 S.W.2d 711, 712 (Mo.App.1988).

■ Direct appeal from a guilty plea is limited to questions of the jurisdiction of the subject matter, and the sufficiency of the information or indictment. *Tygart v. State*, 752 S.W.2d 362, 365 (Mo.App.1988).

A trial court ruling on a motion to suppress is not such an issue.

■ Hardamon may have grounds for relief by a collateral attack on her Alford plea in the event that she entered such plea as the result of representations by her trial counsel that she could present the motion to suppress issue on direct appeal, which the transcript indicates may be the case. A defendant should be permitted to withdraw his guilty plea if he has been misled or induced to plead guilty by fraud, mistake, misapprehension, fear, coercion, or promises. *Tillock v. State*, 711 S.W.2d 203, 205 (Mo.App.1986). She has no right on direct appeal to raise the issue she attempts to raise here.

The appeal is dismissed.

CROW, P.J., and PARRISH, J., concur.

---

1. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).