Anthony N. BELCHER, Appellant,

v.

STATE of Missouri, Respondent.

No. 57854.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 30, 1990.

Motion for Rehearing and/or Transfer
to Supreme Court Denied Dec. 19, 1990.

Application to Transfer Denied
Feb. 7, 1991.

Kathleen G. Green, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Jefferson City, for respondent.

PUDLOWSKI, Presiding Judge.

Movant Anthony Belcher was arrested and charged with first degree sexual abuse, a class D felony. On April 25, 1989 movant entered an Alford plea pursuant to a plea bargain.

During the guilty plea hearing, movant was advised of his constitutional right to a public trial. The court questioned movant as to whether his plea was knowingly and voluntarily made. In addition, the movant was asked about the quality of defense counsel's services. After finding that movant's plea was voluntary, and that defense counsel had rendered effective assistance, the court accepted movant's plea and set sentencing for June 16, 1989.

At the sentencing hearing, movant's *pro se* motion to withdraw his Alford plea was denied. Additionally, defense counsel's motion to withdraw as movant's attorney was denied. Pursuant to the plea agreement, the court sentenced movant to four years imprisonment.

On July 19, 1989 movant filed a *pro se* Rule 24.035[1] motion alleging ineffective assistance of counsel. Appointed counsel filed an amended motion on September 15, 1989. Movant raised several points of error which allege ineffective assistance of counsel. Additionally, movant claims that the sentencing court lacked jurisdiction over movant because the guilty plea proceedings took place in chambers, and not in open court as required by Rule 24.02.

On December 20, 1989 movant's motion was denied without an evidentiary hearing for failure to state facts which would warrant relief. The motion court found that movant's plea had been voluntary and knowing, and that counsel was not ineffective. The motion court held that as a matter of law a plea taken in chambers is in open court. This appeal follows. We affirm.

Movant raises four points on appeal which may be summarized as follows: (1) The motion court erred in denying movant's Rule 24.035 motion since movant did not make his Alford plea knowingly and voluntarily, but was coerced into doing so by his attorney; (2) The motion court erred in finding that movant's plea was not coerced since the plea was taken in chambers in contravention of Rule 24.02, which requires that the plea be in open court; (3) The motion court erred in denying trial counsel's motion to withdraw from the case because movant had already charged his attorney with ineffective assistance before

1. References to rules are to Missouri Rules of Court, 1990, unless otherwise noted.

the sentencing hearing. This terminated the attorney client relationship prior to the sentencing, and deprived movant of effective assistance of counsel at sentencing, in violation of his constitutional rights; (4) The motion court erred in denying movant's *pro se* and amended motions without an evidentiary hearing because movant has alleged facts which warrant relief and which result in prejudice to movant.

Our review is limited to a determination of whether the trial court's findings and conclusions on the above stated points of error are clearly erroneous. Rule 24.035(j). Those findings and conclusions are clearly erroneous only if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Cammann v. State*, 785 S.W.2d 763 (Mo.App.1990), *State v. Ryun*, 784 S.W.2d 636, 639 (Mo.App.1990).

Movant's motion to withdraw his plea was denied by the sentencing court on June 16, 1989. An order denying a defendant's motion to withdraw his plea of guilty is an appealable order. *Forsythe v. State*, 779 S.W.2d 309, 312 (Mo.App.1989); *State v. Skaggs*, 248 S.W.2d 635, 636 [1, 2] (Mo.1952). No appeal was taken and the order became final. A defendant is precluded from raising in a post conviction motion, the issue of withdrawal of his plea where he fails to appeal an order denying the motion to withdraw the plea of guilty. *Forsythe v. State*, 779 S.W.2d at 310.

Movant also asserts that he was coerced into entering his Alford plea by a promise of probation. In his brief, movant says "he was induced into pleading guilty by persuasion and misled into pleading guilty by the holding out of hopes which proved to be false." A defendant should be permitted to withdraw his guilty plea if he has been misled or induced to plead guilty by fraud, mistake, misapprehension, fear, coercion or promises. *Tillock v. State*, 711 S.W.2d 203, 205 (Mo.App.1986). The ultimate test whether a plea should be set aside is whether it was made unintelligently and involuntarily. *State v. Nielsen*, 547 S.W.2d 153, 159 (Mo.App.1988). Additionally, the burden rests with the movant

to prove that the trial court abused its discretion in refusing to set aside the plea. *State v. Harris*, 420 S.W.2d 325, 327 (Mo. App.1967).

In this case the court exercised its discretion in refusing to allow the withdrawal, after being satisfied that movant lacked any legal basis for seeking a withdrawal. Movant entered his Alford plea after extensive interrogation by the court, voluntarily and knowingly, absent any coercion, and after fully understanding the consequences. During the guilty plea hearing, the court asked the movant:

Q: Have any threats or pressure of any kind been exerted against you to cause you to plead guilty here today?

A: No, sir.

Movant's allegations with regard to coercion are clearly refuted by the record. Movant has failed to meet his burden that the trial court abused its discretion, and accordingly movant's point is denied.

In his second point movant alleges that the sentencing court lacks jurisdiction because the guilty plea proceedings took place in chambers, and not in open court as required by Rule 24.02. Movant asserts that this change in location, improperly coerced movant and thus made his Alford plea involuntary.

Our research has revealed no Missouri cases defining the term open court. Other states have resolved this definition. *People v. Valenzuela*, 66 Cal.Rptr. 825, 259 Cal.App.2d 826 (1968) *cert. denied* 393 U.S. 943, 89 S.Ct. 311, 21 L.Ed.2d 280 (1969); *Morris v. State*, 2 Kan.App.2d 34, 573 P.2d 1130 (1978). We find Wisconsin's resolution of this issue to be helpful: "When a judge is attended by the court officials and the parties and their counsel and witnesses and proceeds with the dispatch of judicial business, the court is in session, even if the sitting happens to be in a portion of the building that does not have the words 'court room' upon its doors." *Pasternak v. Pasternak*, 14 Wis.2d 38, 109 N.W.2d 511, 514 (1961).

In *Morris*, a factual situation quite similar to the case at bar, appellant challenged

his guilty plea on the grounds that it was taken in chambers rather than in open court as required by statute. The Kansas Court of Appeals stated:

> In our opinion the procedure employed here amounted at most to an irregularity, not requiring that the resulting judgment be set aside. Present when the plea was entered were the judge, the prosecutor, the defendant, defense counsel, and the official court reporter. There is no showing that anyone was excluded from the proceeding, and no objection was made or question raised by the defendant or his counsel about the location. If the purpose of the 'open court' provision is the same as the constitutional guarantee of a 'public trial' i.e. to eliminate secret proceedings with their potential for tyranny or coercion, that purpose was adequately fulfilled in this case. *Morris, supra* at 1133–1134.

In *State v. Pollard*, 447 S.W.2d 249 (Mo. 1969), the Missouri Supreme Court approved the conduct of the trial in the National Guard Armory instead of the regular courthouse. The court's concern was whether any of the parties had been prejudiced by the use of temporary facilities. It noted that the entire trial was conducted calmly, with due solemnity demanded by the proceedings. Likewise, we find movant has suffered no prejudice as a result of the plea taken in chambers. Movant's assertion that he was coerced in making his plea in chambers, and intimidated by the whole procedure is without merit. Indeed there is no indication in the record that movant exhibited any appearance of coercion or movant or his counsel objected to the plea being taken in chambers. There is no evidence to substantiate movant's allegation and his second point is denied.

Movant's third point asserts ineffective assistance of counsel. Movant alleges that since he had charged trial counsel with being ineffective at his plea, trial counsel should have been permitted to withdraw prior to movant's sentencing. Denial of this withdrawal precluded movant from being represented by other counsel at the sentencing hearing and thus created a conflict of interest. Movant alleges that the sentencing hearing proceeded despite the termination of the attorney-client relationship. Movant now alleges that since there was a conflict of interest, his constitutional right to effective assistance of counsel was violated.

■ A review of the transcript reveals movant's allegations in point three are being raised for the first time on appeal. A variance between a claim advanced in a Rule 24.035 motion and a claim on appeal leaves nothing for us to review. *Williams–Bey v. State*, 789 S.W.2d 99, 100 (Mo.App.1990); *Moton v. State*, 772 S.W.2d 689, 692 (Mo.App.1989). Therefore, point three is denied.

■ Movant's fourth point alleges error in denying the Rule 24.035 motion without holding an evidentiary hearing. To succeed on a claim for an evidentiary hearing, movant must satisfy three requirements: 1) he must have alleged facts, not conclusions which if true would warrant relief; 2) the allegations of fact must not be refuted by the record; and 3) the matters complained of must have resulted in prejudice to the movant's defense. *Fairley v. State*, 770 S.W.2d 458, 459 (Mo.App.1989). In addition, an evidentiary hearing is not required if the court shall determine that the motion and the files and records of the case conclusively show that the movant is entitled to no relief. Rule 24.035(g). *Cammann v. State*, 785 S.W.2d 763, 764 (Mo. App.1990).

■ Movant seeks to overcome the test for granting an evidentiary hearing by stating that the facts in his case warrant relief. Movant's facts are that he was coerced into making an Alford plea because his counsel failed to conduct discovery necessary for trial preparation and that movant was misled by false promises of probation.

A review of the record shows that movant pled guilty. Additionally, the trial court asked movant if his counsel had investigated the case to movant's full satisfaction. Movant responded affirmatively. Movant was then asked if his attorney had

interviewed all the witnesses that movant knew of. Again movant responded affirmatively. The court then proceeded to ask movant:

Q. Do you understand that when you make that decision that maybe he hasn't had a chance and maybe he has not fully interviewed all the witnesses, but its still your decision to go ahead based on your understanding of what the case is like against you and enter an Alford plea of guilty; is that correct?

A: The circumstances of the case, I do, your Honor.

The court exhaustively explained what an Alford plea was to the movant and also advised movant that no one could promise him what his sentence would be. The movant understood the explanation and the exhortation.

We find from a review of the whole record that an evidentiary hearing was not required and movant's fourth point is denied.

Judgment affirmed.

KAROHL and GRIMM, JJ., concur.