Robert James **RECKLEIN**, Appellant,

v.

**STATE** of Missouri, Respondent.

No. 57666.

Missouri Court of Appeals,
Eastern District,
Division One.

June 18, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 8, 1991.

Application to Transfer Denied
Sept. 10, 1991.

Marc B. Fried, St. Louis, for appellant.

William L. Webster, Atty. Gen., Douglas Ommen, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Presiding Judge.

Movant pled guilty on December 7, 1988, to four counts of securities fraud, one count of transacting business as an unregistered investment advisor, and one count of selling unregistered securities. The court accepted the plea as being knowingly and voluntarily given but reserved the right not to follow the plea agreement between the movant and the prosecution. On March 1, 1989, the court decided not to sentence the movant according to the terms of the plea agreement and informed the movant of this intention. The court based its decision not to follow the plea agreement agreed to by the parties, upon the substance of statements made by the victims of the movant. The court gave the movant an opportunity to withdraw his plea of guilty, which he declined. The court then asked the movant to ratify his statements in the prior pleas of guilty with the understanding that the court would not follow the plea agreement. The court then proceeded to sentence the movant to ten years each for five of the counts, to be served concurrently to each other and a five year sentence for the sixth count to be served consecutively to the others.

Movant timely filed his verified *pro se* motion under Rule 24.035 on June 1, 1989. The office of the public defender was appointed on June 7, 1989, and a public defender made her appearance for the movant on June 12, 1989. She was granted 30 days by the court to amend the *pro se* motion. On July 12, 1989, the public defender filed a motion to withdraw as counsel for movant. This motion was granted on that day and a request for the appointment of a special public defender was presented, approved and filed. Movant filed a timely verified amended motion and request for an evidentiary hearing on Sep-

tember 8, 1989.[1] On October 20, 1989, the Honorable Kenneth M. Romines issued findings of fact, conclusions of law, and an order denying movant's petition without an evidentiary hearing, from which he now appeals.

■ Our review of the dismissal of a 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(j); *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied sub nom., Walker v. Missouri*, — U.S. —, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). The motion court's findings and conclusions are deemed clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Id.; Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

Movant's first point on appeal alleges that the motion court failed to make findings of fact and conclusions of law that addressed the issue raised in point 8(c) of movant's *pro se* motion—that the plea court allegedly breached the plea agreement by sentencing movant to a longer term of years than that being recommended by the state.

■ Even though the motion court is required to make findings of fact and conclusions of law on all issues presented, findings of fact and conclusions of law are sufficient if they enable the reviewing court to determine whether these findings, the conclusions and judgment of the court are clearly erroneous. *Watkins v. State*, 785 S.W.2d 767, 776 (Mo.App.1990); Rule 24.035(i). The motion court cannot be considered to have erred if it failed to make findings of fact and conclusions of law on claims that are unsupported by substantive evidence or on claims not cognizable in a post conviction proceeding. *McDonald v. State*, 758 S.W.2d 101, 104 (Mo.App.1988).

■ At the time the plea court took movant's plea of guilty, the record reveals that the court fully explained to the movant that although it was accepting the plea of guilty as voluntarily made, it was not going to be bound by the recommendation of the state. The court further stated that it was reserving the right to issue a sentence that was anywhere within the range of punishment provided for by law.

At the sentencing hearing, the court advised movant that it would not be following the state's recommendation and would instead be issuing a different sentence than what the movant relied on in agreeing to plead guilty. The court immediately thereafter offered the movant an opportunity to withdraw his plea of guilty. Movant declined to do so and instead ratified the statements he made in the prior guilty plea proceeding with the full understanding that the court would not be following the plea agreement in pronouncing sentence for him.

The record is sufficient for this court to determine that the action of the plea court in choosing not to follow the plea agreement was not clearly erroneous and we find that because the underlying claim of plea court error was clearly refuted by the record, the motion court did not err in failing to make specific findings of fact and conclusions of law as to a claim that was unsupported by substantive evidence. Point denied.

Movant's fourth point on appeal which asks us to consider the underlying claim of whether the motion court erred in not finding that the plea court breached the plea agreement is also, therefore, denied.

Movant's second point on appeal claims the motion court erred in not granting movant an evidentiary hearing because movant's amended motion contained sufficient

---

1. On September 25, 1990, this court issued a per curiam order opinion dismissing movant's post conviction relief motion because of procedural defects in movant's *pro se* and amended Rule 24.035 motions. On December 18, 1990, the Missouri Supreme Court accepted transfer of the case and on May 3, 1991, the Supreme Court found that the movant complied with the procedural requirements of Rule 24.035(d) and 24.-035(f) and ordered this case retransferred to this court for consideration of the merits. *Recklein v. State*, No. 73237, order op. (Mo.Sup. Ct. May 3, 1991).

factual allegations to constitute ineffective assistance of counsel and warrant the granting of post conviction relief.

■ For movant to be entitled to an evidentiary hearing, he must have alleged facts, not conclusions, which if true would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense. *Cammann v. State*, 785 S.W.2d 763, 764 (Mo. App.1990). Movant alleges that his plea counsel threatened and coerced him into pleading guilty and that two individuals, one a member of the Missouri Bar, would testify that they heard a tape recorded message left by movant's plea counsel on movant's phone answering machine which used profane and abusive language and directed threats towards movant. Movant also asserts two claims of ineffective assistance of counsel: (1) that a conflict of interest existed in having the same attorney represent movant for his civil and criminal cases and (2) that movant was under medical treatment for depression and because of his weakened mental state he was coerced by counsel into pleading guilty. Movant claims that because these three allegations warranting post conviction relief were not clearly refuted by the record, there should have been an evidentiary hearing granted. We disagree.

Movant stated under oath to the court at the time he pled guilty that no person had made any threats or promises to him in order to get him to plead guilty and movant ratified this testimony at the time he was sentenced. Movant also stated to the plea court that he had been under a psychologist's therapy for about five to ten years but he indicated that this treatment was for depression and that it did not affect his mental processes. Movant further stated that he was not under the influence of any drugs, narcotics or alcohol.

■ Movant has failed to allege sufficient facts showing how his defense was prejudiced and his plea was rendered involuntary due to the alleged actions or inactions of his plea attorney because of the perceived conflict of interest. Movant has the burden to allege facts which would show his plea was not voluntarily or knowingly made. *Fairley v. State*, 770 S.W.2d 458, 459–460 (Mo.App.1989). The motion court properly denied movant an evidentiary hearing on these three allegations because the record conclusively establishes movant's plea was knowingly and voluntarily entered and movant did not meet his initial burden of pleading facts, not conclusions, not refuted by the record, which entitle him to relief. *Cammann*, 785 S.W.2d at 764. Point denied.

■ Movant alleges in his third point that the motion court erred in failing to find that movant's plea counsel was ineffective in that he coerced movant into pleading guilty thereby causing the pleas to be entered involuntarily. The coercion movant alleges stems from a message movant's plea counsel supposedly left on movant's answering machine after the plea was entered on December 7, 1988, but before March 1, 1989, when the court indicated that it would not be following the terms of the plea agreement.

The record before us clearly refutes this allegation. Movant stated under oath at the original plea hearing that no person had made any threats or promises to him in order to get him to plead guilty. Movant also testified that he was happy with his attorney's representation in this case.

After the plea court indicated its intention not to follow the plea agreement, the court granted movant several opportunities to withdraw his pleas of guilty. Movant chose not to withdraw his pleas of guilty even after he was reminded of the full range of punishment to which he could be sentenced. Further, movant testified at the plea hearing and again at the time of sentencing that he was pleading guilty because he was in fact guilty of all six counts of security violations. At the time of sentencing, movant ratified each and every statement he made on December 7, 1988, when he originally entered his plea of guilty to the six counts.

We do not find the motion court's conclusion that movant's plea of guilty was en-

tered knowingly, intelligently and voluntarily to be clearly erroneous. Point denied.

Judgment affirmed.

KAROHL and GRIMM, JJ., concur.