Carl Lee THOMPSON,
Movant–Appellant,

v.

STATE of Missouri, Defendant–
Respondent.

No. 17310.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 28, 1991.

Brad B. Baker, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

PARRISH, Judge.

Carl Lee Thompson (movant) pleaded guilty to the offense of murder in the sec-

ond degree. § 565.021.1(1).[1] Thereafter, he filed a motion for post-conviction relief [2] in the Circuit Court of Phelps County (the motion court), that being the same trial court in which movant was found guilty of the underlying criminal charge of murder in the second degree and sentenced. Following an evidentiary hearing, the motion court entered its order denying the post-conviction motion. Movant appeals that order. This court affirms.

Movant presents one point on appeal. He contends that the motion court erred in determining that his guilty plea was voluntarily entered. He complains that, following his plea of guilty, his brother was charged with criminal offenses of tampering with physical evidence and hindering prosecution. *See* §§ 575.100 and 575.030. These charges relate to the murder case in which movant pleaded guilty. Movant claims that he understood the negotiated plea agreement upon which he based his guilty plea to include that his brother "would not be charged with any offense arising out of the homicide." Movant contends that his understanding in this regard was based upon what the attorney who represented him in his criminal case told him. Movant contends that he therefore received ineffective assistance of counsel in the criminal case, and that his plea of guilty was thereby involuntary.

The motion court's findings include the following:

The record of the trial court's inquiries upon the plea of guilty, the Memorandum of Plea Bargain, and Movant–Defendant's testimony at the post-conviction proceeding show that Movant–Defendant pled guilty upon (1) the State's agreement to reduce the charge from Murder, First Degree, to Murder, Second Degree;

(2) the State's agreement to recommend a life sentence; (3) the State's agreement to refrain from pursuing *any degree of homicide charges* against defendant's brother, J.D. Thompson; and (4) the State's agreement to dispose of *all* charges or cases now pending against Movant–Defendant in Pulaski County. ([Motion] [c]ourt's emphasis.) The charges filed against the brother, John D. Thompson, are clearly not a degree of homicide. While Movant–Defendant may have hoped no charges would be filed against his brother, the fact that his hope was not fulfilled does not not [sic] render his plea involuntary.

A review of the record on appeal, including a copy of the transcript of the guilty plea proceeding in movant's criminal case, supports the findings made by the motion court. If movant believed his negotiated plea agreement extended beyond the precise agreement that was explained to him with particularity by the trial judge at the time he pleaded guilty, that belief was not reasonable under the circumstances and does not now entitle movant to the relief he seeks. *Forsythe v. State*, 779 S.W.2d 309, 311 (Mo.App.1989).

The motion court's findings are not clearly erroneous. Further opinion would be of no precedential value. The order denying movant's motion is affirmed in compliance with Rule 84.16(b).

PREWITT, P.J., and CROW, J., concur.

---

1. Citations to statutes are to RSMo Supp.1984.

2. Movant's motion was filed April 8, 1988. It was erroneously designated as being filed "pursuant to and in accordance with Rule 29.15 Mo.Ct.R." Because the disposition of movant's underlying criminal charge was by guilty plea rather than trial, the applicable rule is Rule 24.035. *See* Rules 24.035(a) and 29.15(a). The motion is, therefore, considered as filed pursuant to Rule 24.035.