**Murl E. PAYNE, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 18096.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 11, 1992.

Gary E. Brotherton, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Movant entered a plea of guilty to second-degree murder and was sentenced to fifteen years' imprisonment. Thereafter, he filed a motion for relief under Rule 24.035.

After amendment by appointed counsel, the motion stated the Missouri Department of Corrections was denying movant "all jail and prison credit earned and/or awarded by the Court". The amended motion further stated that movant did not desire to vacate or set aside his sentence but "is seeking to have all credits due him and heretofore awarded by the trial court applied against said sentence as provided by law."

The prosecuting attorney filed a motion to dismiss the amended motion because the failure to receive such credits from the Department of Corrections was not cognizable in a Rule 24.035 proceeding. The trial court sustained the motion and dismissed the matter. On appeal movant presents one point relied on stating that the trial court erred in not making findings of fact and conclusions of law as provided in Rule 24.035(i).

The purpose of findings of fact and conclusions of law is to enable the reviewing court to determine whether those findings, conclusions and the judgment are clearly erroneous. See *Recklein v. State*, 813 S.W.2d 67, 69 (Mo.App.1991); *Kennedy v. State*, 771 S.W.2d 852, 855 (Mo.App.1989).

However, there is no error in failing to make findings of fact and conclusions of law in a Rule 24.035 matter where the claim is not cognizable under that rule. *Recklein*, 813 S.W.2d at 69; *Kennedy*, 771 S.W.2d at 855. The sole contention made by movant was not a matter properly raised under that rule.

A motion under Rule 24.035 is not the proper remedy to force the Department of Corrections to give credit for time previously served. *Cobb v. State*, 787 S.W.2d 317, 318 (Mo.App.1990); *Self v. State*, 774 S.W.2d 576, 577 (Mo.App.1989); *Vance v. State*, 773 S.W.2d 128 (Mo.App.1989). See also *Thomas v. State*, 808 S.W.2d 364, 368 (Mo. banc 1991).

The judgment is affirmed.

FLANIGAN, C.J., and MAUS, J., concur.